UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF SIERRA, INC., et al.,<br><br>  Defendants. | Case No. 1:22-cv-00508-JLT-BAK (SKO)<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Terrance Marsh is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed his complaint on April 29, 2022. (Doc. 1). Upon review, the Court concludes that the complaint states one cognizable claim. Plaintiff has the following options as to how to proceed: (1) Plaintiff may file an amended complaint, which the Court will screen in due course; or alternatively, (2) Plaintiff may file a statement with the Court stating he wants to stand on this complaint.

**I.   SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

1

1  each case and shall dismiss the case at any time if the Court determines that the allegation of poverty
2  is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which
3  relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
4  28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required
5  of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*
6  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*
7  *pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir.
8  1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a
9  complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies
10 of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
11 (en banc).

12 In determining whether a complaint fails to state a claim, the Court uses the same pleading
13 standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and
14 plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P.
15 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
16 a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556
17 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A
18 complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack
19 of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri*
20 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual
21 and legal basis for each claim that is sufficient to give each defendant fair notice of what the
22 plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the*
23 *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24 In reviewing a pro se complaint, the Court is to liberally construe the pleadings and accept
25 as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94
26 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a
27 court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.  "[A] complaint
28 [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the

1  line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S.
2  at 557).

### II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that on or about October 29, 2019, he entered Defendant Bank of Sierra's city branch and tried to deposit a check into his account. (Doc. 1 at 2). Plaintiff alleges he is a disabled veteran and was denied services under the Americans with Disabilities Act. (*Id*.) Plaintiff reports that when he protested his mistreatment, the bank staff refused to deposit his check. (*Id*.) Defendant Margaret Droese started asking questions about Plaintiff's personal medical history. (*Id*.) When Plaintiff asked Ms. Droese why she was treating him so poorly, she responded, "your people have been passing bad checks." (*Id*.)

Plaintiff alleges that when he asked Ms. Droese what she meant by your people, she responded with a loud voice and said, "black people." (*Id*.) Plaintiff alleges that he then asked to speak to the bank manager, Karen Mitchell, who stated that Ms. Droese was following bank policy. (*Id*.) According to Plaintiff, Ms. Mitchell then stated that she would not be taking action against Ms. Droese based on Plaintiff's complaint that he was "denied access to disabled services and denied bank services based on race and because I am Afro American." (*Id*.) Ms. Mitchell stated that under no circumstances will she allow Plaintiff to deposit or cash his check even though he was an account holder at the Bank of Sierra at that time. (*Id*.) According to Plaintiff, Ms. Mitchell went on to state that, "it was not her fault that blacks in the community chose to try to pass bad checks at their bank and that she was following bank policy," and then refused Plaintiff services. (*Id*.)

### III.  DISCUSSION

For the reasons discussed below, the Court finds that the complaint states one cognizable claim. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.  Federal Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are

presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Plaintiff contends jurisdiction is proper under 28 U.S.C. § 1331 and 1343. (Doc. 1 at 1). These are jurisdictional statutes which do not state independent causes of action. *See Muhammad v. Berreth*, No. C 12-02407 CRB, 2012 WL 4838427, at *3 (N.D. Cal. Oct. 10, 2012). Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Section 1343(a) states that district courts have original jurisdiction over certain civil actions, including actions for damages to redress deprivations of federally secured civil rights. Accordingly, jurisdiction is proper pursuant to Sections 1331 and 1343 because Plaintiff has asserted claims arising under the Constitution and laws of the United States. *See*, *e.g.*, *Quintero v. Merced Unified Sch. Dist.*, 2021 U.S. Dist. LEXIS 207768, at *8 (E.D. Cal. Oct. 27, 2021).

**B.      Legal Standards**

In the event Plaintiff amends his complaint, the Court provides the following legal standards that may be relevant to his action:

1.      Fourteenth Amendment

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated

against the plaintiff based on the plaintiff's membership in a protected class. *Serrano v. Francis,* 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff alleges that he is a member of a protected class as an "Afro American." (Doc. 1 at 2.) Plaintiff asserts that Ms. Droese at Bank of Sierra refused to deposit his check and made the statement that, "your people have been passing bad checks," allegedly referring to "black people." (*Id*.) Plaintiff alleges that he was "denied access to disabled services and denied bank services based on race and because I am Afro American." (*Id*.) Plaintiff alleges that the bank's manager, Ms. Mitchell, stated that under no circumstances will she allow Plaintiff to deposit or cash his check even though he was an account holder at the Bank of Sierra at that time. (*Id*.) According to Plaintiff, Ms. Mitchell went on to state that, "it was not her fault that blacks in the community chose to try to pass bad checks at their bank and that she was following bank policy," and then refused Plaintiff services. (*Id*.) Accepting as true all factual allegations contained in the complaint, Plaintiff has sufficiently alleged a claim for violation of the Equal Protection Clause.

    2.    <u>Americans with Disabilities Act</u>

The ADA was enacted in response to a "compelling need" for a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001). "To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id.* (internal citations omitted). Title III establishes a "[g]eneral rule" that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C.A. § 12182(a). Specifically, Title III prohibits places of public accommodation from denying disabled individuals "to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C.A. § 12182(b)(1)(A)(i).

To establish a discrimination claim under Title III, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied full and equal treatment by Defendant because of his disability. *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007). Here, there is no dispute that Defendant Bank of Sierra is a private entity that operates a place of public accommodation. Plaintiff alleges that he "was denied disabled services at the bank, as [Plaintiff] is a disabled veteran within the meaning of the [ADA]." (Doc. 1 at 4). Plaintiff does not provide additional details demonstrating he is disabled within the meaning of the ADA, or that he was denied full and equal treatment because of his disability. Plaintiff's complaint therefore falls short of establishing a discrimination claim under the ADA.

Plaintiff's prayer for relief seeks $200,000 in actual damages and $200,000 in punitive damages. (Doc. 1 at 5). To the extent Plaintiff seeks damages for a violation under Title III of the ADA, Plaintiff's complaint fails to state a claim because damages are not recoverable under Title III of the ADA; only injunctive relief is available for violations of Title III. 42 U.S.C. § 12188(a)(1) (providing that remedies under Title III are the same as those outlined in 42 U.S.C. § 2000a-3(A), which do not permit recovery of monetary damages); *Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002).

With respect to a claim for injunctive relief under Title III of the ADA regarding a private company's conduct, 42 U.S.C. § 12182(a) provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of services. Because injunctive relief is the only available remedy under Title III, a plaintiff claiming discrimination under Title III "must not only demonstrate the familiar requirements for standing—injury-in-fact, traceability, redressability—but also 'a sufficient likelihood that he [or she] will be wronged again in a similar way.'" *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC,* 753 F.3d 862, 867 (9th Cir. 2014)

(quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).  In other words, a plaintiff must face a "real and immediate threat of repeated injury." *Id.*

Here, Plaintiff describes the one occasion that he was refused services at the Bank of Sierra. (Doc. 1 at 2-4.)  Plaintiff's complaint does not include allegations that he will be wronged again in a similar way.  Accordingly, Plaintiff fails to allege facts sufficient to confer standing on Plaintiff to seek injunctive relief.

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it states a potentially cognizable Fourteenth Amendment Equal Protection claim, but fails to state a cognizable claim under the ADA.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days.  If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights.  Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he believes that additional true factual allegations would state a cognizable ADA claim.  If Plaintiff

files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint and proceed only on the Fourteenth Amendment Equal Protection claim.

### IV.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on this complaint;
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:22-cv-00508-JLT-BAK (SKO); and
3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **May 12, 2022**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE