UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH,<br><br>             Plaintiff,<br><br>       v.<br><br>BANK OF SIERRA, INC., et al.,<br><br>             Defendants. | Case No.  1:22-cv-00508-JLT-BAK (SKO)<br><br><u>SECOND SCREENING ORDER</u><br><br>ORDER FINDING PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A COGNIZABLE FEDERAL CLAIM AND GRANTING LEAVE TO AMEND ADA CLAIM<br><br>(Doc. 9)<br><br>**THIRTY-DAY DEADLINE**<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF REQUEST TO FILE ELECTRONICALLY<br><br>(Doc. 10) |

Plaintiff Terrance Marsh is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed his complaint on April 29, 2022. (Doc. 1). On May 13, 2022, the undersigned screened the complaint and found that it stated one cognizable claim. (*See* Doc. 8.) Plaintiff was granted thirty days leave to to file an amended complaint curing the pleading deficiencies identified in the order. (*See id*.)  On May 31, 2022, Plaintiff filed an amended complaint, along with a motion for reconsideration of his previously denied request to file electronically.  (Docs. 9 & 10.)

1

After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff has failed to state a claim under the Americans with Disabilities Act ("ADA"). In addition, the amended complaint no longer pleads a cognizable claim, and Plaintiff has added an additional claim for violation of Title VII of the Civil Rights Act of 1964, which is not sufficiently pleaded.[1] Because he may be able to correct the deficiencies in his pleading for his ADA claim, Plaintiff is granted **one final opportunity** to amend his allegations as to that claim. Plaintiff is once again provided the pleading requirements and legal standards under which his claim in a second amended complaint will be analyzed.

Plaintiff's motion for reconsideration shall be denied for the reasons set forth below.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

---

[1] The caption of the First Amended Complaint lists a claim under for "violation of Plaintiff's rights under the 14th Amendment" (*see* Doc. 9 at 1), however, no such claim is alleged or pleaded therein.

a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that on or about October 29, 2019, he attempted to deposit a check into his personal checking account at the outside teller window of Defendant Bank of Sierra. (Doc. 9 at 5.) Plaintiff alleges he that he has "service-connected disabilities" and was denied the "benefit of using handicap services" at the Defendant Bank of Sierra's drive-up window because of his race. (*Id*. at 3.) "Bank supervisor" Defendant Margaret Droese started asking questions about Plaintiff's personal medical history. (*Id*.) When Plaintiff asked Ms. Droese why she was treating him so poorly, she responded, "your people have been passing bad checks." (*Id*.) Plaintiff took the check and left the "hostile environment" created by the bank staff. (*Id*.)

Plaintiff alleges the "financial service manager," Defendant Karen Mitchell, called him the next day. (Doc. 9 at 3.) According to Plaintiff, Ms. Mitchell "verbally assaulted and admit[ted] retaliating against" him for complaining about Ms. Droese's "hostile" and "racist" behavior. (*Id*.) Ms. Mitchell stated that under no circumstances will she allow Plaintiff to deposit or cash his check

even though he was an account holder at the Bank of Sierra at that time. (*Id*. at 3–4.) According to Plaintiff, Ms. Mitchell went on to state that "they did not want our kind there," and then "slamm[ed] the phone down loudly" causing Plaintiff's ears to ring. (*Id*.)

Plaintiff asserts claims for racial discrimination, retaliation, and "coercion" in violation of Title VI, and a violation of the ADA for "non accessibility to use handicapped privileges." (Doc. 9 at 4.) He seeks $450,000 for actual and punitive damages, "[b]etter training for employees to safeguard customer's private information," and for the Board of Directors to "attempt diversity, not only in the branch but in the boardroom." (*Id*. at 6.)

### III.     DISCUSSION

For the reasons discussed below, the Court finds that the complaint fails to state any cognizable federal claims, including that under the ADA. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted one final opportunity to file an amended complaint to correct the identified deficiencies with his ADA claim.

**A.     Legal Standards**

    1.     Title VII

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., prohibits **employment** discrimination on the basis of race, color, religion, sex, or national origin. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009) (emphasis added). The conduct alleged by Plaintiff does not arise in the employment context, and his allegations do not implicate Title VII under any cognizable legal theory. Such claim is therefore subject to dismissal.

    2.     Americans with Disabilities Act

The ADA was enacted in response to a "compelling need" for a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). "To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id.* (internal citations omitted). Title III establishes a "[g]eneral rule" that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Specifically, Title III prohibits places of public accommodation from denying disabled individuals "to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

To establish a discrimination claim under Title III of the ADA, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied full and equal treatment by Defendant because of his disability. *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007). Here, there is no dispute that Defendant Bank of Sierra is a private entity that operates a place of public accommodation, and it appears Plaintiff is disabled within the meaning of the ADA. (*See* Doc. 9 Ex. C.) Plaintiff alleges that he "denied the "benefit of using handicap services" at the Defendant Bank of Sierra's drive-up window because of his race. (Doc. 1 at 4). Plaintiff does not plead additional details demonstrating he was denied full and equal treatment because of his *disability*, as opposed to his race.

Further, individual liability under Title III is limited. *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004) (determining that because Title III of the ADA "prohibits discrimination 'by any person who owns, leases (or leases to), or operates a place of public accommodation,' " a defendant could be individually liable if that person "had the requisite authority to qualify as an 'operator' under Title III") (quoting 42 U.S.C. § 12182(a)). Here, to the extent Plaintiff intended to bring an ADA claim against Defendants Droese and Mitchell, insufficient facts are alleged to show that they are persons who operated the Bank of Sierra or are otherwise possibly covered by Title III.

Plaintiff's complaint therefore falls short of establishing the factual predicate for a discrimination claim under the ADA.

In addition, Plaintiff's prayer for relief seeks $450,000 in actual damages and punitive damages. (Doc. 9 at 6.) To the extent Plaintiff seeks damages for a violation under Title III of the ADA, Plaintiff's complaint fails to state a claim because damages are not recoverable under Title III of the ADA; only injunctive relief is available for violations of Title III. 42 U.S.C. § 12188(a)(1) (providing that remedies under Title III are the same as those outlined in 42 U.S.C. § 2000a-3(A), which do not permit recovery of monetary damages); *Wander v. Kaus,* 304 F.3d 856, 858 (9th Cir. 2002).

With respect to a claim for injunctive relief under Title III of the ADA regarding a private company's conduct, 42 U.S.C. § 12182(a) provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of services. Because injunctive relief is the only available remedy under Title III, a plaintiff claiming discrimination under Title III "must not only demonstrate the familiar requirements for standing—injury-in-fact, traceability, redressability—but also 'a sufficient likelihood that he [or she] will be wronged again in a similar way.'" *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC,* 753 F.3d 862, 867 (9th Cir. 2014) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). In other words, a plaintiff must face a "real and immediate threat of repeated injury." *Id.*

Here, Plaintiff describes the one occasion that he was refused services at the Bank of Sierra. (Doc. 9 at 3–5.) Plaintiff's complaint does not include allegations that he will be wronged again in a similar way. Accordingly, Plaintiff fails to allege facts sufficient to confer standing on Plaintiff to seek injunctive relief.

**B.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that its fails to state cognizable claims under Title VII and Title III of the ADA. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with leave to amend as to a Title III claim only. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file a second amended complaint within thirty days. In his amended complaint, Plaintiff must state what each named defendant did that led to the violation of

the ADA. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that a second amended complaint supersedes the amended complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## IV.   MOTION FOR RECONSIDERATION

Plaintiff requests that the Court reconsider his request for electronic noticing and case filing, asserting that the lack of the ability to receive notice and to file through the CM/ECF system. (Doc. 10.)

**A.   Legal Standard**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) of the United States District Court, Eastern District of California ("Local Rule") requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

///

**B.     Discussion**

Pursuant to the Local Rules, a pro se party shall file and serve paper documents as required by the Rule. E.D. Cal. L.R. 133(a), 135(b). A party appearing pro se may request an exception to the paper filing requirement from the Court by filing a stipulation of the parties or by motion. E.D. Cal. L.R 133(b)(2), (3). The Court previously found that this action does not warrant an exception to the Local Rule and Plaintiff's motion for permission to receive notice and to file through CM/ECF, which provided no reasons to the contrary, was denied. (Doc. 7.) Plaintiff's instant motion contends that the Court should reconsider permitting electronic noticing and case filing through CM/ECF because Plaintiff would be disadvantaged in this litigation if denied that ability, in view of his "noted medical condition." (*See* Doc. 10.) Plaintiff further asserts that such permission would be in the interest of "the public concern at large with a pandemic" and "the importance of green initiatives." (*Id*.)

Plaintiff has not put forth "newly discovered evidence," has not shown that the Court "committed clear error," nor shown "an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc*., 571 F.3d at 880 (internal quotations marks and citations omitted). The disadvantages and benefits to the public alleged by Plaintiff could have been presented in the original motion, and Plaintiff does not demonstrate any change in the controlling law. Moreover, the alleged disadvantages do not evidence "clear error," in that they do not persuade the Court that it should override the default posture of the Local Rules requiring pro se parties to file and serve paper documents. As Plaintiff's motion for reconsideration establishes, he possesses a PACER account, so that he can view and download documents filed in this matter instead of waiting to receive them via mail. (*See* Doc. 10.) Indeed, Plaintiff's inability to receive notice and to file electronically does not appear to have hampered his ability to litigate this case to date: the docket reflects that Plaintiff was able to file his amended complaint with this Court only 18 days after it entered its screening order, despite having been granted 30 days in which to do so.

To the extent Plaintiff requires more time to file and or respond to filings in the future, he may request an enlargement of time from the Court upon a showing of good cause (to which the Court will accord some deference, given his pro se status). *See* E.D. Cal. L.R. 144.

8

# V.  ORDER

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 10) is DENIED;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint;
3. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:22-cv-00508-JLT-BAK (SKO); and
4. Failure to comply with this order may result in a recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated:  **July 27, 2022**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE